Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000513
29-SEP-2016
08:33 AM

NO. CAAP-16-0000513

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF TM

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-J NO. 0102139)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Upon review of the record for appellate court case
number CAAP-16-0000513, it appears that we lack appellate
jurisdiction over Minor-Appellant's (Minor)[1] appeal from the
Honorable Bode A. Uale's May 12, 2016 "Order Denying Respondent's
Motion to Reconsider Denial of Respondent's Motion [to] Dismiss
Petition for Violation of Due Process and Granting of the State's
Motion to Amend Petition for Waiver of Jurisdiction and Granting
the State's Amended Petition for Waiver of Jurisdiction and
Granting Respondent's Motion to Stay Execution of the Order
Waiving Jurisdiction Pending Appeal" (hereinafter the May 12,

---

[1] For purposes of preserving confidentiality in this appeal arising out of a family court juvenile delinquency proceeding, we refer to Minor-Appellant as "Minor" instead of referring to his or her actual name.

2016 order denying reconsideration) in FC-J. No. 0102139, because the May 12, 2016 order denying reconsideration does not qualify as an appealable family court order under Hawaii Revised Statutes (HRS) § 571-54 (2006).

In summary, the Petitioner-Appellee State of Hawai'i (Appellee State) initiated the underlying juvenile delinquency proceeding on March 13, 2015, when Appellee State petitioned the family court under HRS § 571-11(1) (Supp. 2015) to adjudicate Minor as a law violator with respect to four counts of sexual assault in the first degree in violation of HRS § 707-730 (2014) and two counts of sexual assault in the third decree in violation of HRS § 707-732 (2014). Later, Appellee State filed a petition and an amended petition to have the family court waive its jurisdiction pursuant to HRS § 571-22 (2006 & Supp. 2015) and order Minor held for criminal prosecution proceedings in the circuit court, which the family court granted through an order that it filed on February 16, 2016. Minor later moved for reconsideration of this and several other interlocutory orders, which resulted in the May 12, 2016 order denying reconsideration for which Minor seeks appellate review.

HRS § 571-22.5 (2006) appears to expressly prohibit the instant appeal, providing that "[a]n order waiving jurisdiction shall not be appealable as a final order, but may only be appealable in conjunction with an appeal of all other issues after a trial on the charge against such minor or adult."

Furthermore, HRS § 571-54 provides that "[a]n interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of

-2-

questions of law and fact <u>upon the same terms and conditions as in other cases in the circuit court</u>[.]" (Emphasis added). Because HRS § 571-54 expressly refers to the terms and conditions of appeals from cases in circuit courts, it is noteworthy that the Supreme Court of Hawai'i holds that, "[i]n a circuit court criminal case, a defendant may appeal from the judgment of the circuit court, <u>see</u> HRS § 641-11 (1993), from a certified interlocutory order, <u>see</u> HRS § 641-17 (1993), or from an interlocutory order denying a motion to dismiss based on double jeopardy." <u>State v. Kealaiki</u>, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (citation omitted). In the instant case, the May 12, 2016 order denying reconsideration does not qualify for appealability under any of these three types of authority for the terms and conditions of appeals from circuit court criminal cases.

For example, under HRS § 641-11 (Supp. 2015), "[a]ny party deeming oneself aggrieved by the <u>judgment</u> of a circuit court in a criminal matter, may appeal to the intermediate appellate court, subject to chapter 602 in the manner and within the time provided by the rules of the court." (Emphasis added). Under the express language of HRS § 641-11, "[t]he <u>sentence</u> of the court in a criminal case shall be the judgment." (Emphasis added). Based on the express requirement of a sentence, the Supreme Court of Hawai'i has consistently held that, in the absence of a sentence in a circuit court criminal case, there is

no appealable judgment under HRS § 641-11.[2] Consequently, under the analogous circumstances of an appeal from a family court juvenile delinquency proceeding, the Supreme Court of Hawai'i has held that the appealable final order is the judgment of disposition entered upon the termination of the disposition hearing:

> The final order or decree appealable under HRS § 571-54 is the order or decree that <u>determines the ultimate rights and liabilities of the parties</u>. In the context of juvenile delinquency proceedings under HRS § 571-11(1), the appealable final order or decree is <u>the judgment of disposition entered upon the termination of the disposition hearing</u>.

In re Doe, 107 Hawai'i 12, 15, 108 P.3d 966, 969 (2005) (citations omitted; some emphasis added).

HRS § 571-54 is similar to HRS § 641-11 in that HRS § 571-54 requires an underlying final judgment, order or decree that finally determines the ultimate rights and liabilities of the parties by providing the family court's final disposition. In re Doe, 107 Hawai'i at 15, 108 P.3d at 969. HRS § 571-54 additionally requires that the aggrieved juvenile offender must further perfect his or her right to appeal by filing, and obtaining a family court adjudication of, a mandatory motion for reconsideration of the disposition. In re Doe, 102 Hawai'i 246,

---

[2] See, e.g., State v. Ferreira, 54 Haw. 485, 487, 510 P.2d 88, 89 (1973) (Where a judgment of conviction does not include a sentence, then, under HRS § 641-11, "for purposes of appeal, we are of the opinion that the judgment entered in this case is not a final judgment conferring appellate jurisdiction on this court." (Footnote omitted)); State v. Johnston, 63 Haw. 9, 11, 619 P.2d 1076, 1077 (1980) ("In the instant case, appellant brought this appeal from the First Circuit Court's order denying his motion to dismiss the indictment. We hold that such an order is interlocutory and is not a final order or judgment. It is therefore not one that is appealable under HRS § 641-11."); State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) ("There having been no conviction and sentence in this case, there can be no appeal under HRS § 641-11 from the ... order granting Defendant's plea deferral.").

-4-

251-52, 74 P.3d 998, 1003-04 (2003). In the instant case, although Minor sought reconsideration, neither the May 12, 2016 order denying reconsideration nor any other order is a final judgment, order or decree that constitutes the final disposition. The May 12, 2016 order denying reconsideration simply denies Minor's March 7, 2016 motion for reconsideration of the family court's prior orders and/or oral rulings:

(1) denying Minor's February 3, 2016 motion to dismiss Appellee State's March 13, 2015 petition due to delays in Appellee State's prosecution of this matter,

(2) granting Appellee State's motion to amend its petition for the family court to waive jurisdiction pursuant to HRS § 571-22, and

(3) granting Appellee State's amended petition for the family court to waive jurisdiction pursuant to HRS § 571-22.[3]

None of these rulings imposed a final disposition, as HRS § 571-54 requires for an appealable final order in a family court juvenile delinquency proceeding. Based on the family court rulings, this case has not yet concluded, and, the family court did not certify the May 12, 2016 order denying reconsideration for interlocutory appeal pursuant to HRS § 641-17 (1993 & Supp. 2015). Finally, the May 12, 2016 order denying reconsideration is not an order denying a motion to dismiss based on double jeopardy that would be appealable under the collateral order doctrine and the holding in State v. Baranco, 77 Hawai'i 351, 355, 884 P.2d 729, 731-32 (1994). Therefore, the May 12, 2016

---

[3] The May 12, 2016 order denying reconsideration also granted Minor's motion to stay execution of the order granting Appellee State's amended petition for the family court to waive jurisdiction pending Minor's appeal.

order denying reconsideration does not qualify for appealability under the terms and conditions of circuit court criminal cases, and, thus, it is not an appealable final order in this family court juvenile delinquency proceeding under HRS § 571-54.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-16-0000513 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, September 29, 2016.


Chief Judge

Associate Judge

Associate Judge